IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT P. KENNEDY**,

      Petitioner,

v.                           Civil Action No. 2:08cv110
                                      (Judge Maxwell)

**KUMA DEBOO**,

      Respondent.

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

On November 10, 2008, the *pro se* petitioner initiated this case by filing a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Dckt. 1.) In the petition, the petitioner challenges the calculation of his sentence by the Bureau of Prisons ("BOP"). Specifically, the petitioner asserts that he is entitled to certain pre-sentence custody credit that the BOP refuses to award him.

Upon a preliminary review of the petition on January 30, 2009, the undersigned determined that summary dismissal was not warranted at that time and directed the respondent to file an answer. (Dckt. 6.) The respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment on February 19, 2009. (Dckt. 7.)

Because the petitioner is proceeding *pro se*, the Court issued a Roseboro Notice on February 24, 2009, advising the petitioner of his right to file a response to the respondent's motion. (Dckt. 9.) The petitioner filed his response on March 25, 2009. (Dckt. 12).

On or about April 29, 2009, a further review of the case found that the record lacked sufficient evidence to show that the petitioner had received credit for the time in question on his

state sentence. See Dckt. 13. Accordingly, the respondent was directed to file a copy of the petitioner's Judgment and Commitment Order issued by the State of Kentucky in case number 06-CR-2265, or any other official court record from that case which establishes that the petitioner was awarded credit on his state sentence for the time period in question in this case. *Id*. The respondent filed a response to that Order on May 13, 2009. (Dckt. 17.) Accordingly, this case is ripe for review.

## II. Contentions of the Parties

### A. The Petition

In the petition, the petitioner asserts that the BOP has failed to properly compute his federal sentence. Specifically, the petitioner asserts that he has not received 320 days of pre-custody credit for time spent in the custody of the State of Kentucky from May 8, 2006 through March 21, 2007.

### B. The Respondent's Motion

In the respondent's motion, she asserts that the petitioner's sentence has been appropriately calculated. In support of that claim, the respondent asserts that the petitioner is not entitled to the pre-sentence custody credit that he seeks because that time has been credited to his state sentence. Thus, the respondent asserts that pursuant to 18 U.S.C. § 3585(b), the petitioner is not entitled to "double credit" for that same time on his federal sentence.

### C. The Petitioner's Response

In his response, the petitioner asserts that the Commonwealth of Kentucky does not compute pre-sentence custody credit until a prisoner is received into its custody. Thus, the petitioner asserts that the 320 days of pre-sentence custody credit have not yet been credited to his state sentence, and therefore, he is entitled to credit for that time on his federal sentence.

## III. Standard of Review

### A. Motion to Dismiss

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

### B. Motion for Summary Judgment

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

## IV. The Petitioner's Conviction and Sentence

The petitioner was originally convicted of Armed Bank Robbery and Aiding and Abetting by the United States District Court for the Western District of Kentucky on September 18, 1998. Resp't Ex. 1 as Att. B. As a result, the petitioner received a 63-month term of imprisonment and a five-year term of supervised release. *Id.*

On May 21, 2002, the petitioner was released from incarceration and began serving his five-year term of supervised release. Resp't Ex. 1, Att. C. On April 5, 2006, the petitioner tested positive for cocaine. Resp't Ex. 1 at Att. D. A Petition for Warrant of Probation and Supervised Release was filed on May 8, 2006. *Id.* However, that same day, the petitioner was arrested by the State of Kentucky on an assault charge. Petition (Dckt. 1), Att. 1 at 1. Consequently, the federal

4

warrant was merely lodged as a detainer against the petitioner. *Id.*

The petitioner pleaded guilty to the state offense on March 20, 2007, and was released on his own recognizance. Resp't Ex. 1, Att. F, G. Thus, the petitioner was taken into custody on the federal detainer later that day. *Id.*

On April 30, 2007, the Western District of Kentucky sentenced the petitioner to a 33-month term of imprisonment on the Supervised Release Violation. Resp't Ex. 1, Att. A. The United States Marshal Service retained custody of the petitioner until he was sentenced in state court on May 2, 2007, to a term of 60 months. Petition (Dckt. 1), Att. 1 at 1. The petitioner's state sentence was ordered to run concurrent to his federal sentence. *Id.* Thus, the petitioner is currently in the custody of the BOP serving his concurrent state and federal sentences.

## V. Analysis

It is well established that the BOP is charged with the responsibility of sentence computation and other administrative matters regarding the length of a prisoner's confinement. See United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351 (1992) ( the Attorney General, through the BOP, has the responsibility for administering federal sentences); United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990) (the power to grant jail time credit lies exclusively with the Attorney General). In this case, the petitioner argues that the BOP has failed to award him the appropriate amount of pre-sentence custody credit. Because the petitioner's federal sentence was imposed after November 1, 1987, prior custody credit is governed by 18 U.S.C. § 3585.

A defendant can receive prior custody credit under § 3585(b) if:

> (1) he was in official detention because of the offense for which the sentence was imposed; or
>
> (2) he was in official detention as a result of another charge for which

> he was arrested after the commission of the current offense, if that
> time has not been credited against another sentence.

Moreover, 18 U.S.C. § 3585(a) provides that a sentence commences on the date a defendant is received into custody.

In this case, the petitioner seeks credit for the time he spent in the custody of the state of Kentucky from May 8, 2006, until March 20, 2007, the date on which he was released to federal custody, for a period of approximately 320 days of prior custody credit. However, at that time, the petitioner was in the custody of the state of Kentucky. Moreover, in his state Judgment and Commitment Order, the sentencing judge directed the Kentucky Department of Corrections ("DOC") to calculate credit for time served. Dckt. 17, Ex. 1 at Att. A. The petitioner's Resident Record Card for the State of Kentucky shows that the Kentucky DOC has credited the petitioner with 320 days of jail credit. *Id.* at Att. B. Therefore, this time has been awarded to the petitioner's state sentence and he is not entitled to credit on his federal sentence for the same time.

Additionally, in determining the calculation of the petitioner's sentence, the BOP has commenced his sentence as of the date it was imposed, April 30, 2007. Resp't Ex. 1, Att. H. The petitioner has also been awarded 40 days of pre-sentence custody credit for the time between March 21, 2007, the date he was released on his own recognizance from the State of Kentucky, and April 30, 2007, that date his federal sentence was imposed. Resp't Ex. G, H. At that time, the petitioner was "bonded out" from state custody and that time has not been credited to his state sentence. *Id*. Consequently, the petitioner has been awarded all the credit to which he is entitled and this case should be dismissed.

## VI. Recommendation

For the foregoing reasons, the petitioner is not entitled to the relief sought. Therefore, it is

the recommendation of the undersigned that the respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (dckt. 7) be **GRANTED** and the petitioner's § 2241 habeas petition (dckt. 1) be **DENIED** and **DISMISSED with prejudice**.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge for the Northern District of West Virginia. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: May 28, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE